# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL FIGUEROA, | |
| Petitioner, | Civil Action No. 13-3149 (SRC) |
| v. | |
| JANET NAPOLITANO, et al., | OPINION |
| Respondents. | |

**Chesler**, District Judge:

Petitioner, a pre-removal-period detainee confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a § 2241 petition challenging his mandatory detention during his immigration removal proceedings.[1]  See ECF No. 1. Petitioner seeks release or a bond hearing on the grounds that he was not taken into immigration custody immediately upon completion of the penal term underlying his removal proceedings.  See id. at 1-14.  To the extent Petitioner seeks release, his position is meritless. See Hany El Sayed v. Holder, No. 11-7324, 2012 U.S. Dist. LEXIS 16808, at *13 (D.N.J. Feb. 9, 2012); Morrison v. Elwood, No. 12-4649, 2013 U.S. Dist. LEXIS 10917, at *3 (D.N.J. Jan. 18, 2013) ("[A district court's] power to entertain habeas applications . . . with respect to the claims raised by pre-removal-order alien detainees . . .

---

[1]  Petitioner named various federal officials as Respondents but not his Warden.  The sole proper respondent is the Warden of the Hudson County Correctional Center, where Petitioner is in custody.  See Rumsfeld v. Padilla, 542 U.S. 426 (2004); Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994).  Accordingly, all Respondents shall be dismissed from this action with prejudice.  However, in light of the substantive invalidity of Petitioner's claims, the Court finds it unnecessary to direct Petitioner's filing of an amended pleading naming the appropriate Respondent.

allows relief limited to a directive of a bond hearing" as opposed to an order of release) (citations omitted). Moreover, to the extent Petitioner seeks a bond hearing, his position is too without merit. See Sylvain v. Attorney General of U.S., 714 F.3d 150 (3d Cir. 2013) (rejecting the argument that mandatory detention under 8 U.S.C. § 1226(c) did not apply when there was a gap between an alien's release from criminal custody and his/her arrest by the immigration authorities). Therefore, the Petition, ECF No. 1, will be dismissed. Petitioner's motion for appointment of counsel, ECF No. 1-2, will be denied as moot. An appropriate Order follows.

s/ Stanley R. Chesler
**Stanley R. Chesler**
**United States District Judge**

Dated: November 26, 2013